IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Planned Parenthood Southwest Ohio Region, *et al.*, | : | Case No. 1:04-CV-493 |
| | : | Chief Judge Susan J. Dlott |
| Plaintiffs, | : | |
| | : | ORDER GRANTING PLAINTIFFS' |
| v. | : | MOTION FOR ENTRY OF |
| | : | JUDGMENT AND MOTION FOR |
| Mike DeWine, *et al.*, | : | STAY OF PROCEEDINGS |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (doc. 162) and Plaintiffs' Motion for Stay of Proceedings Pending Appeal (doc. 163). For the reasons set forth below, both motions are **GRANTED**.

I.  BACKGROUND

The background of this case is set forth in detail in the Court's previous Order Denying Plaintiffs' Motion for Summary Judgment and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (the "May 23, 2011 Order") and is incorporated herein. (Doc. 161.)

In brief, this case involves the constitutionality of Ohio Rev. Code § 2919.123 (the "Act"), which prohibits "off-label"[1] use of mifepristone (commonly known as "RU-486") to provide medical abortions. On August 2, 2004, Plaintiffs filed their original Complaint and Motion for Preliminary Injunction, challenging the constitutionality of the Act on the following

---

[1] "Off-label" use refers to the practice of prescribing a drug for indications, regimens, and in dosages other than those expressly approved by the FDA.

grounds: (1) that it is unconstitutionally vague; (2) that it violates a patient's right to bodily integrity by compelling surgery in circumstances where medical abortion would otherwise be desired or appropriate treatment; (3) that it lacks the constitutionally mandated exception to allow otherwise restricted practices where they are necessary to preserve a women's health or life; and (4) that it imposes an undue burden on a patient's right to choose abortion by prohibiting a safe and common method of pre-viability abortion. (Doc. 18.)

On May 23, 2011, this Court granted Defendants' motion for summary judgment as to Plaintiffs' claims that the Act is unconstitutionally vague (Count One), that the Act violates a woman's right to bodily integrity (Count Two), and that the Act imposes an undue burden on a patient's right to choose abortion (Count Four). (Doc. 161.) This Court denied Defendants' motion as to Plaintiffs' claim that the Act unconstitutionally lacks an exception for the health or life of the woman (Count Three). (*Id.*) Plaintiffs now move for a certification of the judgment as a final judgment under Fed. R. Civ. P. 54(b). Plaintiffs also request a stay of the proceedings pending an appeal of the three dismissed claims.

## II. RULE 54(B) CERTIFICATION

### A. Standard of Review

Federal Rule of Civil Procedure 54(b) states, in relevant part, that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d

2

1279, 1282 (6th Cir. 1986).

Certification pursuant to Rule 54(b) requires two independent findings. First, the district court must expressly "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). Second, the district court must "expressly determine[] that there is no just reason for delay" of appellate review. *Id*. When a district court finds that certification of an order under Rule 54(b) is appropriate, it "must clearly explain why it has concluded that immediate review of the challenged ruling is desirable." *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

B. <u>Analysis</u>

The first step in Rule 54(b) certification, the entry of a partial final judgment, is satisfied where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims. This Court's May 23, 2011 Order granted judgment in Defendants' favor on Plaintiffs' void-for-vagueness, bodily integrity, and undue burden claims. Only Plaintiffs' health or life exception claim remains pending before the Court. Consequently, it is appropriate and permissible for this Court to direct the entry of judgment on Counts One, Two and Four of Plaintiffs' Amended Complaint.

In turning to the second step for Rule 54(b) certification, the Sixth Circuit has articulated a non-exhaustive list of factors to consider in determining whether there is no "just reason for delay":

> 1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a

3

> claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering,* 807 F.2d at 1283. This Court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it. *See Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 n.2 (1980).

Applying these factors supports granting Plaintiffs' motion. First, the adjudicated claims and the unadjudicated claim are separate and distinct. Plaintiffs' void-for-vagueness and bodily integrity claims are totally unrelated to the health or life exception claim. And, although the health or life exception claim will be analyzed through the undue burden framework pursuant to *Gonzales v. Carhart*, 550 U.S. 124 (2007), this Court made clear that the May 23, 2011 Order dismissed the undue burden claim to the extent that it was asserted "separate and apart from the health or life exception claim." (Doc. 161 at 27.) Second, the need for review of the Court's decision to grant summary judgment in favor of Defendants on three of Plaintiffs' claims would only be mooted if Plaintiffs decide not to appeal that decision in the future or the Court decides to reverse itself on those issues. The Court considers both outcomes highly unlikely. Third, permitting an appeal now will not oblige the Sixth Circuit to consider the same issues a second time.

As to the fourth factor, this Court is aware of no pending counterclaim that would result in a set-off against the judgment given the fact that the judgment sought to be made final is in the nature of declaratory and injunctive relief. Finally, the "miscellaneous factors" would be served by an immediate appeal: a final decision on Plaintiffs' void-for-vagueness, bodily integrity, and

4

undue burden claims would promote economy and shorten the time of trial by avoiding possible duplicative trials, and trim expenses for the parties and for this Court.  Surely the parties would prefer to engage in discovery and trial only once.  Accordingly, Plaintiffs' Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) is **GRANTED**.

### III.    STAY OF PROCEEDINGS

Plaintiffs also request that the Court stay the proceedings pending resolution of any appeal to the United States Court of Appeals for the Sixth Circuit.  Since the Court is granting Plaintiffs' motion for Rule 54(b) certification, the Court finds that it is in the interest of justice to stay all district court proceedings pending a decision by the Sixth Circuit.  Plaintiffs' Motion to Stay Proceedings Pending Appeal of the judgment on Counts One, Two, and Four is **GRANTED**.

### IV.    CONCLUSION

Accordingly, for the reasons stated above, the Court Orders as follows:

1) Plaintiffs' Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) is **GRANTED**.  (Doc. 162.)  The Clerk shall enter a final judgment in this action (1) dismissing Counts One, Two, and Four of Plaintiffs' Amended Complaint for the reasons set forth in this Court's May 23, 2011 Order and (2) stating that under Fed. R. Civ. P. 54(b), there is no just cause for delay of an immediate appeal to the United States Court of Appeals for the Sixth Circuit.

2) Plaintiffs' Motion to Stay Proceedings Pending Appeal is **GRANTED**.  (Doc. 163.)

IT IS SO ORDERED.

                                                                                   s/Susan J. Dlott  
                                                          Chief Judge Susan J. Dlott  
                                                          United States District Court