IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD SOUTHWEST OHIO REGION, *et al.*, | : : : | Case No. 1:04-cv-00493 |
| | : | Judge Susan J. Dlott |
| Plaintiffs, | : : | |
| v. | : : | **PLAINTIFFS' SUPPLEMENTAL** **MOTION FOR ATTORNEY FEES** |
| MIKE DEWINE, *et al.*, | : : | **AND COSTS AND MEMORANDUM** **IN SUPPORT** |
| Defendants. | : | |

**MOTION AND MEMORANDUM IN SUPPORT**

In this case, Plaintiffs challenged the constitutionality of 2004 Ohio H.B. 126 and through this litigation, obtained a preliminary injunction which was affirmed by the Sixth Circuit Court of Appeals, making them prevailing parties. As such, Plaintiffs move this Court for an order awarding reasonable attorney fees and costs related to the claim on which Plaintiffs prevailed in this litigation: the preliminary injunction order.[1]  Plaintiffs, therefore, limit their fee and cost request to the time period Plaintiffs litigated the preliminary injunction through the first appeal, i.e., for work performed through February 24, 2006.

**This Motion Supplements and Amends Plaintiffs' Prior Fee Motion**

On December 1, 2006 Plaintiffs filed their first motion for attorney fees and costs (Doc. 91 and 92).  The State opposed the motion (Doc. 99) and Plaintiffs filed a reply memorandum. (Doc. 101).  This Court stayed the motion for fees while the case was on appeal for the second time.  (Order Grating motion for stay dated April 5, 2007 (Doc. 102)).  After the FDA issued a

---

[1] *See* H.B. 126, 125th Leg., Gen. Sess. (Ohio 2004), codified as amendments to Ohio Rev. Code Ann. §§ 4729.29, 4731.22, and 4731.223, and new § 2919.123 (hereinafter "the Act").

1

supplemental approval letter for mifepristone and updated the drug's printed labeling, the parties agreed that this case was moot and sought a voluntary dismissal, which this Court entered. (Doc. 206). The Court entered a calendar order allowing Plaintiffs to file their motion for attorney fees and costs (Doc.207). Plaintiffs filed an unopposed motion to extend the deadline to July 7, 2016, which was granted. (Doc. 208).

Plaintiffs' fee motion requested fees for work done through October 18, 2006, however, Plaintiff's current fee motion reduces those hours and costs to work done only through the date of the first Sixth Circuit decision, February 24, 2006, since that is when Plaintiff's work in support of obtaining the injunction ended. Plaintiffs incorporate herein their first motion for attorney fees and costs (Doc. 91).

**Fees for Preliminary Injunction Litigation**

| Attorney | Total Hours through February 24, 2006 | Hourly Rate as of 2016 | Total Fees Requested |
|---|---|---|---|
| Berner | 567.67[2] | 400 | 227,068.00 |
| Evans | 158.75[3] | 475 | 75,406.25 |
| Krasnoff[4] | 41.75 | 400 | 16,700.00 |
| Hill | 213.60 | 350 | 74,760.00 |
| Gerhardstein | 27.80 | 475 | 13,205.00 |
| Branch | 9.10[5] | 425 | 3,867.50 |
| Law Clerk | .70 | 85 | 59.50 |
| Paralegal | 19.60 | 125 | 2,450.00 |
| *Subtotal* | | | *413,516.25* |
| *10% reduction* | | | *41,351.62* |
| **Fee Request** | | | **372,164.63** |

---

[2] Nicole Berner's hours are reduced by 17 as Plaintiffs agreed to do in their Reply memorandum (Doc. 101) in response to the State's argument in its memorandum in opposition (Doc. 99).
[3] Roger Evans hours include 1.75 hours for work done in support of the original fee motion and 1.50 hours in support of the Reply memorandum (Doc. 101).
[4] Helene Krasnoff's hours are solely for work done in support of the original fee motion (23 hours) and reply motion (18.75 hours per Doc. 101).
[5] All but one hour of Ms. Branch's time was for work done in support of this fee motion.

2

**Costs for Merits Litigation**

| Organization | Costs Incurred through February 24, 2006 |
|---|---|
| PPFA | $9,876.00 |
| B. Jessie Hill | $213.60 |
| Gerhardstein & Branch | $275.75 |
| **Total Costs** | **$10,365.35** |

**TOTAL MERITS FEES AND COSTS**  $382,529.98

**SUPPLEMENTAL ARGUMENT**

Plaintiffs do not repeat the arguments made in support of their first fee motion (incorporated herein), but do supplement their arguments to explain further why they are prevailing parties and why 2016 rates should apply. Plaintiffs do not seek a multiplier or fee enhancement in this case.

**I.     Plaintiffs Are Prevailing Parties Because The Act Remained Enjoined**

Plaintiffs are the prevailing parties in this case and are, therefore, entitled to a fully compensatory fee award. *See* Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b) ("In any action . . . to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."). Here, Plaintiffs obtained the relief they sought, *i.e.*, a preliminary injunction barring Defendants from enforcing the Act as applied to mifepristone medication abortions that are necessary, in appropriate medical judgment, for the preservation of the life or health of the woman.

On September 22, 2004, this Court entered an Order enjoining the Act (Doc. 36). *Planned Parenthood Cincinnati Region v. Taft*, 337 F. Supp. 2d 1040 (S.D. Ohio 2004) ("*Taft I*"). This Court's Order was affirmed on appeal on February 24, 2006 (439 F.3d 304 (6th Cir.

3

2006)). On April 13, 2006, the Sixth Circuit issued an amended Decision which too affirmed the preliminary injunction. *Planned Parenthood Cincinnati Region v. Taft*, 444 F.3d 502 (6th Cir. 2006) ("Taft II")**.**

Although the parties disagreed on the scope of the preliminary injunction following the Sixth Circuit's remand and it was eventually narrowed by this Court, a preliminary injunction against the law remained in effect from September 2004 until this case was dismissed. First the law was enjoined in its entirety, but then the law was enjoined only when a banned medication abortion was necessary, in appropriate medical judgment, for the life or health of the woman. *See* Order Clarifying the Scope of the Preliminary Injunction, Doc. 158. Indeed, the Sixth Circuit recognized that the preliminary injunction remained in effect through a later appeal; that court remanded the case again, but left intact the previously affirmed preliminary injunction. *Planned Parenthood Sw. Ohio Region v. Strickland*, 331 F. App'x 387 (6th Cir. 2009) ("*Strickland II*") (unpublished order).

Under such circumstances, there can be no doubt that Plaintiffs are prevailing parties, entitled to their fees under Section 1988. *See Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-793, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."); *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) ("Therefore, to qualify as a prevailing party [entitled to fees], a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . . "); *McQueary v. Conway*, 614 F.3d 591, 601 (6th Cir. 2010) (finding protester "directly benefit[ed]" from a preliminary injunction enjoining enforcement of statute despite case becoming moot

because "after the injunction, [plaintiff] could do all of [the] things [prohibited by the statute] without fear of prosecution....").

Because Plaintiffs succeeded in obtaining a preliminary injunction barring Defendants from enforcing the Act first in its entirety, and then in certain applications, they are prevailing parties. Thus, Plaintiffs should be granted attorney fees.

## II. Rates

This case was initiated in 2004, and Plaintiffs' original fee request was made in 2006 based on 2006 rates. Given this delay in payment, Plaintiffs request the fees be awarded at 2016 market rates. This request is reasonable given the length of this delay. Awarding current rates instead of historical rates is entirely equitable and in accord with precedent. (See *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007) (the district court has the discretion to choose either current or historical rates so long as it explains how the decision comports with the ultimate goals of awarding reasonable fees*); Barnes v. City of Cincinnati,* 401 F.3d 729, 745 (6th Cir.2005) (awarding current rates over historical rates affirmed since litigation took nearly six years); *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.,* 684 F. Supp. 953, 958 (6th Cir.1988) (noting that current rates were appropriate to counterbalance a delay in payment) (reversed on other grounds). The district court's discretion is rooted in the attorney fees statute.

> In *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), the Court noted that compensation is often received several years after services were rendered in complex civil rights litigation and held that an adjustment for delay in payment by the application of current, rather than "historical," hourly rates is within the contemplation of the attorneys fees statute.

*Barnes*, 401 F.2d at 745. Awarding Plaintiffs current rates would be justified in this case since there is such a long delay in the award; Plaintiffs cannot collect interest on the delay since no

5

judgment has been entered;[6] and an award of current rates furthers the purpose of attorney fees, i.e., to attract competent counsel without producing a windfall to attorneys.

The rates Plaintiffs have requested are commensurate with the rates in the Cincinnati and other Ohio markets. For a thorough discussion of reasonableness of rates for work done in 2011, see *Hunter v. Hamilton Cty. Bd. of Elections*, No. 1:10CV820, 2013 WL 5467751, at *16-17 (S.D. Ohio Sept. 30, 2013. *See also*, *Ne. Ohio Coal. for Homeless v. Husted*, No. 2:06-CV-00896, 2014 WL 4829597, at *11 (S.D. Ohio Sept. 29, 2014) (awarding rates from $450 to $600 per hour for experienced attorneys) and *Williamson v. Recovery Ltd. Partnership*, No. 2:06–cv–292, 2013 WL 3222428 (S.D. Ohio June 25, 2013) (awarding am experienced Columbus attorney $520 per hour); *West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 657 F. Supp. 2d 914, 934 (S.D. Ohio 2009) (approving experienced counsel rates for $351 to $497 in an ERISA case); *Van Horn v. Nationwide Prop. and Cas. Ins. Co.,* 436 F. App'x 496, 499 (6th Cir.2011) (affirming a decision from the Northern District of Ohio in which the court approved rates ranging from $250 to $450 per hour).

Additional support for Plaintiff's attorney's rates can be found in Judge Rubin's 1983 committee's determination of reasonable attorney fee rates for the Southern District. Courts in the Southern District still use Judge Rubin's rates, adjusting the rates for cost of living at 4% per year. *See*, *Hunter at *17*; *Georgia-Pacific LLC v. Am. Intern. Specialty Lines Ins. Co.*, 278 F.R.D. 187, 192 (S.D. Ohio 2010); *West v. AK Steel Corp. Ret. Acc. Pension Plan*, 657 F. Supp. 2d 914, 932 (S.D. Ohio 2009). *Fredericks v. Potter*, Case No. 1:06-CV-113, Doc. 123 (S.D. OH 2009), *Lee v. Javitch, Block & Rathbone LLP,* 568 F. Supp. 2d. 870 (S.D. Ohio 2008) (C. J.

---

[6] Defendants moved to stay the decision on attorney fees in 2007, which the Court granted over Plaintiffs' objections. (Doc. 100, 101, 102). Had an award been made and judgment entered, but the payment of the award stayed (as Plaintiffs proposed), Plaintiffs would have been entitled to collect 10 years of interest on the judgment.

Beckwith) (merits decision later reversed); *Kindel v. Continental Casualty Co.*, 2005 WL 1241975 (S.D. Ohio 2005) (C. J. Beckwith).

Under Judge Rubin's rubric, the rates requested are comparable. The chart below summarizes the current rates compared to Judge Rubin's rubric using 1983 rates calculated for 2016 rates, after applying a 4% annual cost-of-living allowance to measure the reasonableness of the fees requested. (Branch Declaration). Applying the Rubin Rate as of 2016, the rates requested are reasonable.

| Name | Hourly Rate 2016 | Year Admitted | Years in Practice | Rubin Rate as of 2016 |
|---|---|---|---|---|
| Roger Evans | $475 | 1973 | 43 | 467 |
| Nicole Berner | $400 | 1996 | 20 | 412 |
| Helene Krasnoff | $400 | 1997 | 19 | 412 |
| B. Jessie Hill | $350 | 2002 | 14 | 412 |
| Al Gerhardstein | $475 | 1976 | 40 | 467 |
| Jennifer Branch | $425 | 1987 | 29 | 467 |
| Paralegals | $125 | | | 137 |
| Law Clerk | $85 | | | 87 |

In addition, the market rates in the Cincinnati market are comparable to the rates being charged by Plaintiffs' attorneys. Other Cincinnati litigators with similar years of experience as the lead attorneys in this case bill at higher rates:

| Attorney Name (date of admission) | Awarded rate (year of award) |
|---|---|
| Jim Helmer (1975) | $498 (2010)[7] |
| Randy Freking (1982) | $485 (2015)[8] |
| Julie Popham (1992) | $425 (2010)[9] |
| Frederick Morgan, Jr. (1983) | $500 (2010)[10] |
| Jennifer Verkamp (1996) | $450 (2010)[11] |
| David M. Cook (1978) | $450 (2008)[12] |

---

[7] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C.* 2010 WL 2854137(S.D. OH 2010).
[8] *Ranney v. American Airlines, 2016 WL 471220* (S.D. OH 2016); Case No. 1:08-cv-137) (Doc. 130).
[9] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C.* 2010 WL 2854137(S.D. OH 2010).
[10] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C.* 2010 WL 2854137(S.D. OH 2010).
[11] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C.* 2010 WL 2854137(S.D. OH 2010).
[12] *Bailey v. AK Steel Corp.*, 2008 WL 553764 (S.D. OH 2008).

These Cincinnati market rates are equal to or higher than the rates Plaintiffs request in this case. For these reasons, Plaintiffs' requested attorney fee rates are consistent with the rates in the above cases and should be awarded.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion for attorneys' fees and costs in the amount of $382,526.98 should be granted.

Dated: July 7, 2016

                                              Respectfully submitted,

/s/Jennifer L. Branch
Jennifer L. Branch # 0038893
*Attorney for Plaintiffs*
Alphonse A. Gerhardstein  # 0032053
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 (fax)
agerhardstein@gbfirm.com
jbranch@gbfirm.com


Helene T. Krasnoff
Planned Parenthood Federation of America
1110 Vermont Avenue, N.W., Suite 300
Washington, D.C. 20005
(202) 973-4800
(202) 296-3480 (telefacsimile)
e-mail: helene.krasnoff@ppfa.org

Attorney for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, and Dr. Timothy Kress

B. Jessie Hill
Cooperating Counsel for the ACLU of Ohio
Case Western Reserve Univ., School of Law
11075 East Boulevard
Cleveland, Ohio 44106

>
> (216) 368-0553
> (216) 368-2086 (telefacsimile)
> e-mail: bjh11@cwru.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2016, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail and email upon all parties for whom counsel has not yet entered an appearance electronically.

>
> /s/ Jennifer L. Branch
> Attorney for Plaintiffs

9